UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | 18-22-SDD-EWD-3 |
| HENRY J. HAYES | |

**ORDER**

Before the Court is a letter, dated February 25, 2021, from defendant Henry Hayes ("Hayes"), which requests appointment of counsel "to help defendant put forth a compassionate release/reduction in sentence claim."[1] As Hayes has not shown that he is entitled to counsel, his request for appointment of counsel to assist him in pursuing a motion for compassionate release will be denied. If Hayes submits documentation to establish that he is now indigent, and if he completes and submits a compassionate release motion, that motion would be considered by the Office of the Federal Public Defender to enroll if Hayes's is an appropriate case in which to do so, as explained further below.

Hayes pled guilty on June 20, 2019 to conspiracy to distribute and possess with intent to distribute 100 or more grams of a substance containing a detectable quantity of heroin and 280 grams or more of a substance containing a detectable quantity of cocaine base, in violation of Title 21 U.S.C. § 846; distribution of heroin and cocaine base, in violation of Title 21 U.S.C. § 841(a)(1); possession with intent to distribute 100 grams or more of a substance containing a detectable quantity of cocaine base, in violation of Title 21 U.S.C. § 841(a)(1); and possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g).[2] Hayes did not appeal the Judgment, nor has he sought any post-conviction relief. Hayes did previously request appointment of counsel

---

[1] R. Doc. 454.
[2] R. Doc. 242.

to assist him with "a Rehaif claim."[3]  That request was denied because it is not clear whether *Rehaif v. United States*,[4] which established that, to convict someone of unlawful gun possession under 18 U.S.C. § 922(g), the Government must prove that the defendant knew he possessed a firearm and knew he belonged to a category of prohibited persons, is retroactively applicable to cases on collateral review, and even if Hayes had sought collateral review, there is no constitutional right to court-appointed counsel on collateral review.  Additionally, Hayes had not established that he was indigent and unable to afford counsel since he retained counsel in this case, who represented him through sentencing.[5]

On May 11, 2020, the Chief District Judge of this Court issued General Order 2020-8.[6] General Order 2020-8 sets forth this Court's procedure for "efficiently" processing "motions and petitions raising potential claims for relief under Section 603 (compassionate release) of the 2018 First Step Act, codified under Title 18 U.S.C. § 3582(c)(1)(A)."[7] Specifically, under General Order 2020-08, any motion or petition raising potential claims for compassionate release filed "pro se by a defendant previously determined to have been entitled to appointment of counsel and any defendant who is now indigent" are automatically referred to the Federal Public Defender ("FPD") for the Middle District of Louisiana for screening purposes.[8] The FPD is required to screen any such motions/petition "to determine whether the defendant may qualify for relief under Section 603 of the First Step Act (18 U.S.C. § 3582(c)(1)(A)), and in appropriate cases, to enroll and present any petitions, motions, or applications to the Court for disposition."[9] The FPD has fifteen

---

[3] R. Doc. 394.
[4] 139 S. Ct. 2191 (2019).
[5] R. Doc. 402.
[6] General Order No. 2020-8 – Procedural General Order Regarding Requests for Compassionate Release, United States District Court for the Middle District of Louisiana, signed by Chief District Judge Shelly D. Dick on May 11, 2020.
[7] *Id*.
[8] *Id*. at p. 1.
[9] *Id*.

2

(15) days to screen such motions/petitions and "file a motion to enroll as counsel or to request appointment of counsel from the Criminal Justice Act panel in the case of a prohibitive conflict that would prevent FPD representation of a client or if other good cause supports appointment of outside counsel."[10] However, if, after the expiration of the FPD's fifteen-day screening period, no motion to enroll is filed by the FPD or CJA panel attorney, then the defendant "will proceed *pro se* and the Court will thereafter review and rule on any pending Compassionate Release matters and issue any necessary orders."[11]

Hayes was represented by retained counsel through sentencing. As he is not a person who was "previously determined to have been entitled to appointment of counsel," the process of FPD screening in General Order 2020-8 is not currently applicable to him. To the extent Hayes is now indigent, he has not established that fact. If Hayes is intending to establish that he is indigent, he must complete the attached Financial Affidavit[12] and return it to the Court. If he intends to seek compassionate release, he must also complete and submit the attached Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(Compassionate Release)(*Pro se* Prisoner).[13]

---

[10] *Id*. at pp. 1-2.

[11] *Id*.

[12] Although Hayes has been in custody since approximately March 12, 2018 (R. Docs. 30 & 35), there is no financial affidavit in the record for him and his financial eligibility for court-appointed counsel was never determined because he was represented by retained counsel through sentencing.

[13] Hayes is advised that, even if he is indigent, he may not be entitled to counsel to assist with his compassionate release motion. If Hayes is now indigent, under General Order 2020-8, Hayes's compassionate relief motion will be sent to the FPD for screening to determine whether Hayes may qualify for relief under 18 U.S.C. § 3582(c)(1)(A) and, if appropriate, to enroll and present the compassionate relief request to the Court for disposition. If, after the fifteen-day screening period either the FPD or a CJA panel attorney does not enroll, General Order 2020-8 provides that Hayes shall present the Motion for Compassionate Release *pro se*. Further, as noted by another court in this Circuit, "the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue. Notably, however, the Fifth Circuit has found that 'a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings.'" *United States v. Dirks*, No. 14-374, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020), *citing United States v. Hereford*, 385 Fed. App'x 366, 368 (5th Cir. 2010) (*per curiam*) (*citing United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)). In *Dirks*, the court went on to hold that "[t]he above holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court. Moreover, because 'the constitutional right to counsel extends only through the defendant's first appeal,' and not to post-conviction relief, a Sixth Amendment right to appointed counsel does not

**IT IS ORDERED** that the February 25, 2021 letter,[14] filed by Henry J. Hayes, which seeks appointment of counsel to assist in preparing a motion for compassionate release, is **DENIED**.

**IT IS FURTHER ORDERED** that Henry J. Hayes must complete and return the attached Financial Affidavit, if he is trying to establish that he is now indigent, and the attached form for Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(Compassionate Release)(*Pro se Prisoner*), if he intends to seek compassionate release.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this Order with attachments to Henry J. Hayes (03742-095), USP Beaumont, P.O. Box. 26030, Beaumont, TX 77720.

Signed in Baton Rouge, Louisiana, on April 14, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

attach to motions filed under § 3582(c)(1)(A)." *Dirks*, 2020 WL 3574648, at *2, citing *Whitebird*, 55 F.3d at 1011; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). *Cf. U.S. v. Franks*, 31 Fed.Appx. 833, at *1 (5th Cir. 2002), *citing U.S. v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (finding that a defendant is not entitled to assistance of counsel where the district court modified his sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)).
[14] R. Doc. 454.